1
2
3
4
5
6
7
8              IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JOHN ANDREW HEARNE,

11          Petitioner,              No. 2:11-cv-2428 JFM (HC)

12     vs.

13   MATTHEW CATE, etc.,

14          Respondent.              ORDER TO SHOW CAUSE

15   _____/

16          Petitioner, a state prisoner proceeding through counsel, has filed an application for

17   a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner, the only party to appear in this

18   action, has paid the filing fee for this action and has consented to proceed before a United States

19   Magistrate Judge pursuant to 28 U.S.C. § 636(c).

20          Petitioner challenges a 2008 conviction on multiple criminal charges.  In the

21   petition, petitioner requests that this action be held in abeyance pending exhaustion of state court

22   remedies.  The exhaustion of state court remedies is a prerequisite to the granting of a petition for

23   writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  If exhaustion is to be waived, it must be waived

24   explicitly by respondent's counsel.  28 U.S.C. § 2254(b)(3).[1]  A waiver of exhaustion, thus, may

25   _____

26   [1] A petition may be denied on the merits without exhaustion of state court remedies.  28
     U.S.C. § 2254(b)(2).

                                          1

not be implied or inferred.  A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court.  <u>Picard v. Connor</u>, 404 U.S. 270, 276 (1971); <u>Middleton v. Cupp</u>, 768 F.2d 1083, 1086 (9th Cir.), <u>cert.</u> <u>denied</u>, 478 U.S. 1021 (1986).

After reviewing the petition for habeas corpus, the court finds that petitioner has failed to exhaust state court remedies for any of the claim raised in the instant petition.  The claims are currently pending before the California Supreme Court in a petition for writ of habeas corpus filed in that court on September 13, 2011.  While a federal court has some limited authority to stay a habeas corpus petition that contains both exhausted and unexhausted claims, <u>see</u> <u>Rhines v. Weber</u>, 544 U.S. 269 (2005), the court has no discretion to stay a petition containing only unexhausted claims.

Good cause appearing, petitioner will be granted fifteen days to show cause in writing why this action should not be dismissed on the ground that he has not exhausted state court remedies for any of the claims raised in the petition.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Petitioner's request for a stay is denied; and

2.  Within fifteen days from the date of this order petitioner shall show cause in writing, if any he has, why this action should not be dismissed for failure to exhaust state remedies.

DATED:  November 22, 2011.

UNITED STATES MAGISTRATE JUDGE

12
hear2428.osc