IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN ANDREW HEARNE,

    Petitioner,               No. 2:11-cv-2428 JFM (HC)

  vs.

MATTHEW CATE, etc.,

    Respondent.            <u>ORDER</u>

_____/

       Petitioner, a state prisoner proceeding through counsel, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has paid the filing fee for this action. Petitioner, the only party to appear in this action, has consented to proceed before a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

       Petitioner challenges a 2008 conviction on multiple criminal charges. In the petition, petitioner requested that this action be held in abeyance pending exhaustion of state court remedies. By order filed November 23, 2011, petitioner's request was denied on the ground that petitioner had failed to exhaust state court remedies as to any claim raised in the petition at bar. In the same order, petitioner was granted fifteen days to show cause in writing why the action should not be dismissed for failure to exhaust state court remedies. On December 7, 2011, petitioner timely filed a response to the order to show cause.

1

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3).[1] A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Sandgathe v. Maass, 314 F.3d 371, 376 (9th Cir. 2002) ("Exhaustion occurs when the petitioner has given the state courts a full and fair opportunity to consider and resolve the federal claims.")

In response to the order to show cause, petitioner represents that he did not seek direct review of his criminal conviction in the California Supreme Court, and that on September 13, 2011 he filed a petition for writ of habeas corpus in that court which is still pending.[2] The instant action was filed on the same day petitioner filed the state supreme court petition. A fortiori, petitioner had not given the state supreme court a full and fair opportunity to resolve the claims before he filed the instant action. Petitioner has failed to exhaust state court remedies for any of the claim raised in the instant petition. For that reason, the action must be dismissed without prejudice.[3]

In accordance with the above, IT IS HEREBY ORDERED that:

1. This action is dismissed without prejudice;

/////

---

[1] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

[2] Petitioner asserts that the claims raised in the instant petition "were not contained in the trial record, and therefore could not be raised through the appeal process." Response to Order to Show Cause, filed December 7, 2011, at 2.

[3] Petitioner's state court conviction became final on September 14, 2010, forty days after the state court of appeal affirmed the conviction. See Waldrip v. Hall, 548 F.3d 729, 735 (9th Cir. 2008). Petitioner had one year from that date, or until September 14, 2011, to file a federal petition. It thus appears at this point that one day remains in the federal limitation period and dismissal without prejudice is therefore proper.

2. Pursuant to Local Rule 190, any subsequent petition for writ of habeas corpus filed by petitioner challenging the instant conviction shall be assigned to the undersigned; and

3. The Clerk of the Court shall serve a copy of this order together with a copy of petitioner's application for writ of habeas corpus on Michael Patrick Farrell, Senior Assistant Attorney General.  See Rule 4, 28 U.S.C. foll. § 2254.

DATED: December 19, 2011.

_____
UNITED STATES MAGISTRATE JUDGE

12
hear2428.dm